IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| POLLARD WILLIAMS, #237427, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:12-CV-302-TMH |
| | )                         [WO] |
| | ) |
| KIM TOBIAS THOMAS, et al., | ) |
| | ) |
|     Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by Pollard Williams ["Williams"], a state inmate confined at the Bullock Correctional Facility, on April 3, 2012. In this complaint, Williams challenges an attack upon him by another inmate in January of 2012 and the medical treatment provided for injuries suffered in this attack.

Pursuant to the orders of this court, the medical and correctional defendants filed written reports supported by relevant evidentiary materials in which they addressed the claims for relief presented by Williams. These reports and evidentiary materials refute the self-serving, conclusory allegations presented by Williams in the complaint. Specifically, these documents demonstrate the defendants did not act with deliberate indifference to Williams' health or safety.

In light of the foregoing, the court issued an order directing Williams to file a

response to the defendants' written report. *Order of July 23, 2012 - Doc. No. 24*. The order advised Williams that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id.* at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id.* The time allotted Williams for filing a response in compliance with the directives of this order expired on August 10, 2012. As of the present date, Williams has failed to file a requisite response in opposition to the defendants' written reports. The court therefore concludes this case should be dismissed.

    The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear dismissal of this case is the proper course of action. Williams is an indigent inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Williams' actions indicate a loss of interest in the continued prosecution of this case and the reports filed by the defendants indicate that no violation of the Constitution occurred. Finally, Williams has exhibited a lack of deference for this court and its authority as he has failed to comply with the directives of the orders entered in this case. It is therefore apparent that any additional effort by this court to secure his compliance would be unavailing. Consequently,

the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to properly continue prosecution of this cause of action warrant dismissal of this case.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.  It is further

ORDERED that on or before September 1, 2012 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down

prior to the close of business on September 30, 1981.

Done this 17th day of August, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE